```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ROBERT L. DICKERSON, individually and
as court appointed guardian for
BRANDON R. DICKERSON,                              MEMORANDUM & ORDER
                                                   23-CV-3859(EK)(LB)
                    Plaintiff,


              -against-


GENEVA DICKERSON, JUDAH SCHWARTZ,
BERNICE D. SIEGAL, and ABRAHAM
MAZLOUMI,

                    Defendants.
--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Dickerson filed this action *pro se.* His complaint indicates that he is suing in two capacities: in his personal capacity and as guardian for his adult son Brandon Dickerson, who is currently in intensive care at North Shore University Hospital in Nassau County.[1]  Dickerson alleges that his "Federal Constitutional Due Process Civil Rights under the fourteenth (14th) Amendment were and still continue to be violated" in connection with a guardianship proceeding before Justice Bernice D. Siegal of the New York State Supreme Court.

---

[1] The complaint's caption lists two plaintiffs: "Mr. Robert L. Dickerson," and "Mr. Robert L. Dickerson as Court Appointed Guardian for Mr. Brandon R. Dickerson."  As discussed below, Robert, as a non-lawyer, cannot sue on behalf of others — even including an individual within his guardianship.

Compl. 3, ECF No. 1.  Pursuant to Article 81 of the New York Mental Health Law, Justice Siegal appointed another person as Brandon's temporary guardian; the plaintiff asserts that she and the New York court "lack[ed] the jurisdiction" to do that and should have yielded to a competing proceeding in Louisiana.  *Id.* at 4.  Dickerson names Justice Siegal as a defendant here, along with Geneva Dickerson, who filed the Article 81 proceeding; Geneva's counsel in that proceeding, Judah Schwartz; and the temporary guardian that Justice Siegal appointed, Abraham Mazloumi.  He seeks damages and this Court's intervention to terminate that temporary guardianship.

For the reasons set forth below, Plaintiff's order to show cause for a temporary restraining order and preliminary injunction, *see* ECF No. 2, is denied.  Plaintiff is further directed to show cause, within thirty days of this Order, why this action should not be dismissed.

## I.  Background

The following allegations are taken from the complaint, unless otherwise noted.  In March 2022, Brandon, then residing in Louisiana, suffered a brain aneurysm that resulted in a traumatic brain injury.  Compl. 5.  In the months that followed, Plaintiff and defendant Geneva Dickerson litigated an "interdiction and guardianship" proceeding in Louisiana state court.  *Id.*  On October 25, 2022, the complaint asserts, an

2

interdiction was adjudged as to Brandon, and Plaintiff was appointed as his guardian. *Id.*

Geneva, "not satisfied" with that order, then initiated guardianship proceedings under Article 81 in New York. *Id.* at 6. Justice Siegal, the judge overseeing that case, appointed a temporary guardian for Brandon on February 9, 2023. *Id.*[2] Plaintiff alleges that, in addition to being extra-jurisdictional, this appointment "has caused mass confusion among [his] son's health care providers." *Id.* In the time since, and without Plaintiff monitoring his care, Brandon developed a brain infection that required his hospitalization in the North Shore ICU, where he remains in critical condition. *Id.* at 6–7.

## II. Legal Standards

**A. Temporary Restraining Orders and Preliminary Injunctions**

Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).[3] "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v. Pergament*, No. 13-CV-1951, 2013 WL

---

[2] Plaintiff includes various filings made in the Louisiana and New York state court proceedings as attachments to a separate motion. *See* ECF No. 8.

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

1952639, at *1 (E.D.N.Y. May 10, 2013). The moving party is required to demonstrate the following: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits[,] or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008). The movant must carry the burden of persuasion by a clear showing, and "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510-11 (2d Cir. 2005).

**B.   *Pro Se* Complaints**

At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive

4

law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even where, as here, a *pro se* plaintiff has paid the court's filing fee, a district court must dismiss a case if it lacks subject-matter jurisdiction and may, *sua sponte*, dismiss an action that is frivolous. *E.g.*, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).

### III.  Discussion

Plaintiff has not demonstrated a likelihood of success on the merits; thus, the request for a temporary restraining order and preliminary injunction is denied. The complaint, moreover, does not appear to raise any claim that is even potentially meritorious, for the following reasons.

5

**A.    Robert Dickerson Cannot Represent His Son**

As noted above, Robert brings the action not only in his individual capacity, but also in his purported capacity as Brandon's guardian.  The complaint alleges that his son has suffered serious injuries, although Dickerson appears to assert constitutional claims only on his own behalf.

Appearances in federal court are governed by 28 U.S.C. § 1654, which permits representation "by an attorney admitted to the practice of law" and "by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  The statute does not permit "unlicensed laymen to represent anyone else other than themselves."  *Id.*; *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d. Cir. 2007) (per curiam).  This principle extends to "non-attorneys' attempts to bring suit on behalf of adults who are not competent to handle their own affairs."  *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133–34 (2d Cir. 2009).  As a result, "[i]f the representative of the . . . incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."  *Id.* at 134; *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys.").

Any claims purportedly asserted on behalf of Brandon Dickerson are therefore dismissed without prejudice.

**B.  Plaintiff's Requests for Injunctive Relief Are Barred Under the *Younger* Abstention Doctrine**

Dickerson invokes this Court's federal question jurisdiction by alleging violations of his right to due process. The injunctive relief he seeks, however, is the termination of the New York-state court temporary guardianship and an order directing Judge Siegal to recognize his alleged prior appointment as guardian.  Because Plaintiff asks this Court to intervene in ongoing state guardianship proceedings, the Court must abstain under the doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings."  *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).  This abstention obligation applies, as relevant here, to "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).  *Younger* abstention is required where: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity

7

for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

These requirements are met here. First, the complaint indicates that the state guardianship proceeding remains ongoing; the court has appointed only a temporary guardian and Dickerson has a motion to dismiss the Article 81 petition pending.[4] State-court guardian proceedings, moreover, implicate important state interests. *See Disability Rts. New York v. New York*, 916 F.3d 129, 136 (2d Cir. 2019) (observing that "states have an especially strong interest" in "state court procedure in guardianship proceedings" and abstaining under *Younger*); *Toriola v. N. Shore LIJ*, No. 09-CV-3251, 2009 WL 2338037, at *2 (E.D.N.Y. July 29, 2009). Finally, none of the complaint's allegations suggest that Dickerson lacks the adequate opportunity for judicial review of his federal constitutional claims in the state court. Indeed, the Second Circuit has "often recognized the obligation and competence of state courts to decide federal constitutional questions." *Donkor v. City of New York Hum. Res. Admin. Special Servs. for Child.*, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987).

---

[4] While Plaintiff states that Defendants "sent an order confirming the appointment of temporary guardian," *see* ECF No. 8 at 1, he does not indicate that the proceeding has concluded. To the contrary, a further hearing in the matter is scheduled for June 22, 2023. *See id.* at 2-3.

8

Thus, because the requested injunctive relief would require a federal court to interfere with the ongoing New York guardianship proceeding, this Court must abstain from exercising jurisdiction over Plaintiff's claims.  *See Toriola*, 2009 WL 2338037, at *2 ("As plaintiff seeks to have this court intervene in a pending state court proceeding in an effort to challenge the guardianship of her mother, this court must abstain.").

**C.   Plaintiff Fails to State a Claim under Section 1983**

Dickerson's claims for damages under Section 1983 also fall short.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law."  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

1.   <u>Defendants Siegal and Mazloumi Are Immune from Suit</u>

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[A]cts arising out of, or related to, individual cases before

9

the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Here, the claims against Justice Siegal arise from decisions made during the state court guardianship proceeding, including her appointment of a temporary guardian. These are plainly actions within the scope of her judicial capacity. Dickerson, moreover, alleges no facts suggesting that Justice Siegal acted in excess of her jurisdiction. His claims against Justice Siegal are therefore foreclosed by absolute judicial immunity and must be dismissed. *See Galanova v. Portnoy*, 432 F. Supp. 3d 433, 445 n.11 (S.D.N.Y. 2020) (holding judge entitled to absolute judicial immunity for claims relating to appointment of guardian).

Defendant Mazloumi, who was appointed as Brandon Dickerson's temporary guardian in the New York proceeding, is likewise immune from suit. Under the doctrine of "quasi-judicial immunity," a "private actor may be afforded the

absolute immunity ordinarily accorded judges acting within the scope of their jurisdictions . . . if the private actor's acts are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004).[5] Dickerson brings claims against Mazloumi for acting as Brandon's court-appointed guardian — in other words, for acting "as an adjunct of the New York state judicial system." *See Galanova*, 432 F. Supp. 3d at 446 n.12; *see, e.g.*, *Wilson v. Wilson-Polson*, No. 09-CV-9810, 2010 WL 3733935, at *7 (S.D.N.Y. Sept. 23, 2010) (guardians ad litem and "law guardians" protected by quasi-judicial immunity); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *5 (E.D.N.Y. Jan. 23, 2008) (court evaluator appointed pursuant to Article 81 enjoyed judicial immunity).

    2.    Defendants Dickerson and Schwartz Are Private Parties Not Liable Under Section 1983

Plaintiff's Section 1983 claims against Geneva Dickerson and Schwartz, her attorney, likewise fail. The "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Here, Defendants Dickerson, the petitioner in the New York guardianship proceeding, and Schwartz, her attorney, are private parties — not state actors.

---

[5] Quasi-judicial immunity for non-judicial officers is also an absolute immunity. *See Gross v. Rell*, 585 F.3d 72, 81 (2d Cir. 2009).

11

*See, e.g.*, *Masters v. Mack*, No. 22-CV-6582, 2022 WL 17961211, at *6 (E.D.N.Y. Dec. 27, 2022) ("private parties' mere use, and even misuse, of the state courts does not turn them into state actors"). And Plaintiff does not contend that either defendant engaged in "private behavior" that bears "such a close nexus between the State and the challenged action" that it "may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Thus, Dickerson has not plausibly alleged that Geneva or Schwartz acted under color of state law.[6]

## IV.  Conclusion

For the reasons stated above, the order to show cause for a temporary restraining order and preliminary injunction is denied. Plaintiff is further directed to show cause, within thirty days of this Order, why this action should not be dismissed. If Plaintiff fails to comply with this Order within the time allowed, the action will be dismissed. Any claims

---

[6] Defendant Mazloumi, if not entitled to quasi-judicial immunity, would similarly be a private actor beyond the scope of Section 1983. *Cf. Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (holding that court-appointed law guardians are not state actors).

In addition, to succeed on a cause of action for the deprivation of his due process rights, Dickerson would need to demonstrate that he *personally* had a constitutionally protected liberty interest in his appointment as guardian (among other elements). *See, e.g.*, *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012).

asserted on behalf of Brandon Dickerson are dismissed without prejudice.

Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s/ Eric Komitee  
ERIC KOMITEE  
United States District Judge

Dated:   June 9, 2023  
        Brooklyn, New York