

# ABRAHAM MAZLOUMI & ASSOCIATES
## ATTORNEYS AT LAW

June 13, 2023

**Abraham S. Mazloumi, Esq.***
Tel 516.466.PLAN (7526)
Abraham@Mazloumi.com

*\*Also admitted in New Jersey*

Hon. Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Via ECF**

Re: *Dickerson v. Dickerson et al*
Case No. 1:23-cv-03859

Dear Judge Komitee:

I was appointed by Hon. Bernice D. Siegal on February 14, 2023, as Successor Temporary Personal Needs and Property Management Guardian (hereinafter "Successor Temporary Guardian") of Brandon R. Dickerson (hereinafter "Brandon"). I am also an attorney licensed to practice law in the state of New York. I am brought into this case as one of the defendants in my "official and individual capacity." Compl. 3.

I was served with process on or about May 26, 2023. I am being represented by my firm, Abraham Mazloumi & Associates, Attorneys at Law, P.C. Pursuant to Rule III. B. of Your Honor's Individual Rules and Practices, please let this letter serve as a request for a pre-motion conference with your Court to discuss my intention to file a motion to dismiss Robert L. Dickerson's complaint under Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

Robert L. Dickerson, as well as Robert L. Dickerson *"as Court-Appointed Guardian"*[1] (hereinafter also "Plaintiff") for Brandon R. Dickerson, alleges in his complaint that his constitutional rights under the Due Process Clause of the Fourteenth Amendment were and are being violated, and that I am liable under 42 USC 1983, including by way of the defendants' purportedly acting under color of State law.

First, Plaintiff's claim that his 42 USC Sec. 1983 rights were violated must fail, because 42 USC Sec. 1983 applies only to persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." The Supreme Court explained that Congress "specified that the conduct at issue must have occurred 'under color of' state law; thus, liability attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'"

---

[1] While Robert L. Dickerson refers to himself in his caption as "guardian," he was appointed in Louisiana as Brandon's court-appointed *Curator*, which appears to have substantially the same meaning as a New York "guardian."

**MAZLOUMI LAW**
175 East Shore Road, Great Neck, NY 11023
Tel (516) 466-PLAN (7526)  Fax (516) 283-0250  www.mazloumi.com

Page 1 of 3

*Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988), quoting, *Monroe v. Pape*, 365 U.S. 167, 172 (1961).

I have no authority vested in me by any State, nor am I representing any State. I am merely a court-appointed temporary successor guardian. Furthermore, the court in *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941 (E.D.N.Y. 1999) held that "law guardians … are [not] state actors for purposes of Section 1983." Therefore, 42 USC Sec. 1983 simply does not apply to me in my (to use Plaintiff's words) "official and individual capacity."

The Due Process Clause of the Fourteenth Amendment does not apply to me either, because it only applies to State or government actions. The Second Circuit explained that "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292 (2d Cir. 1991). Given that I am not a representative of a State or acting for or on behalf of any government, Plaintiff's claim lacks merit to bring this suit against me under the Due Process Clause of the 14th Amendment.

This Court, I also respectfully submit, lacks subject-matter jurisdiction under the 3-prong "Younger Abstention" doctrine, because (1) Brandon's New York state-court Mental Hygiene Law (MHL) Article 81 proceeding has not been concluded; that is, there has been no final judgment yet;[2] (2) New York state has a strong interest in protecting vulnerable (e.g., incapacitated) individuals such as Brandon, and which strong interest is clearly reflected in the fact that MHL Article 81 proceedings are expedited proceedings that must be heard within 28 days from the date a judge signs the order to show cause; and (3) Plaintiff has not shown that his constitutional claims cannot be evaluated and adjudicated by a New York state supreme court judge. See *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), instructing that "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims."

Furthermore, I am entitled to quasi-judicial immunity as a court-appointed Successor Temporary Guardian. See *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 446 n.12 (S.D.N.Y. 2020), explaining that a court-appointed guardian is "entitled to quasi-judicial immunity because, as a court-appointed guardian, Portnoy acted at all times as an adjunct of the New York state judicial system." See also *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941, referring to *Offutt v. Kaplan,* 884 F. Supp. 1179, 1192 (N.D.Ill. 1995) for its "dismiss[al] [of] civil rights claims against law guardians on ground they act as judicial officers and are therefore entitled to absolute immunity." Moreover, "persons who faithfully execute valid court orders are absolutely

---

[2] It should be noted that even if Plaintiff were under the belief that the MHL Article 81 proceeding was deemed to have been concluded (in that I was appointed as temporary successor guardian of Brandon, and Plaintiff was not), the Rooker-Feldman doctrine (rather than the "Younger Abstention" doctrine) would nevertheless preclude a federal district court from hearing Plaintiff, because "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 84 (2d Cir. 2005).

immune from liability for damages in actions challenging conduct authorized by the order." *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 446 n.12 (S.D.N.Y. 2020) (quoting *Maldonado v. New York Cnty. Sheriff*, No. 05 CIV. 8377(JGK), 2006 WL 2588911 (S.D.N.Y. Sept. 6, 2006). As Brandon's Successor Temporary Guardian, I acted (and continue to act) faithfully and in compliance with all of court orders concerning Brandon's MHL Article 81 proceeding. Therefore, I am afforded absolute immunity from liability for damages or violations alleged by Plaintiff.

Plaintiff also fails to state a claim upon which relief can be granted on his request to "void and or suspend the decision authority of the temporary guardian... ." Compl. 7. According to New York Mental Hygiene Law §81.35, "[u]pon motion, the court appointing a guardian may remove such guardian when the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just." The Plaintiff fails to allege any cognizable reason that would justify the removal or suspension of me as Successor Temporary Guardian pursuant to New York Mental Hygiene Law §81.35.

Lastly, Plaintiff lacks capacity to bring this case on behalf of Brandon. Appearances in federal court are governed by 28 USCS §1654, which requires that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel... ." The Court in *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) further expanded on 28 USCS §1654 by stating that "[i]t goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." Furthermore, the Court in *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) noted that "[i]f the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation." As mentioned above, Plaintiff brought this case on behalf of Brandon as "Court-Appointed Guardian." However, given that Plaintiff is not an attorney, it is irrelevant for purposes of 28 USCS §1654 that Plaintiff happens to be Brandon's court-appointed Curator.[3] Therefore, Plaintiff lacks capacity to bring this case on behalf of Brandon.

For the above-mentioned reasons, I respectfully request that I am afforded by Your Honor a pre-motion conference to dismiss Plaintiff's suit.

Thank you.

Respectfully submitted,

Abraham S. Mazloumi, Esq.

cc:   Hon. Bernice D. Siegal (via Regular mail)
    Robert L. Dickerson (via Regular mail)
    Geneva Dickerson (via Regular mail)
    Judah Schwartz (via Regular mail)

---

[3] As discussed above, Plaintiff refers to himself as court appointed "guardian," when in fact he was appointed in Louisiana as court-appointed *Curator*.