From:   Mr. Robert L. Dickerson, Father and Court Appointed Guardian
        for Brandon R. Dickerson
        29 Seymour Lane, Medford New York 11763
        Phone: 347-530-5466.  Email: roblawdickerson@gmail.com

To:   Hon. Eric Komitee
     United States District Court.        Case Number CV-23-3859
     Eastern District of New York
     225 Cadman Plaza East            June 19th 2023
     Brooklyn New York 11201

                                                  RECEIVED IN PRO SE
Re:   Dickerson v. Mazloumi, Siegal       JUN 19 2023 @ 3:51 PM
                                                  VIA BOX.COM

Dear Justice Komitee:

I write this letter requesting a conference to perhaps, settle this matter in an effort to preserve this honorable Court's valuable time and resources and to care for my son expeditiously. I'm also in support of Mr. Mazloumi's request for a pre-motion conference. However, I oppose his request for a motion to dismiss for the following reasons.

I respectfully submit to Your Honor, that Mr. Mazloumi's request must be denied because he comes to this Court with his request in bad faith, having full and unequivocal knowledge that the petition by which he was appointed as temporary guardian is in fact, demonstrably false, in complete absence of all jurisdiction, unlawful and without merit.

Petitioner Geneva Dickerson filed the MHL Article 81 petition, by which Mr. Mazloumi was appointed, for Interdiction and Guardianship, also in bad faith, on December 20, 2022 in Queens County, New York, approximately two months after the final judgment and decree was adjudicated for Interdiction and Guardianship in the state of Louisiana on October 25th, 2022.

Because the identical New York petition was filed in the complete absence of all jurisdiction, with the exact same parties, the exact same cause of action for the exact same relief, by petitioner, Geneva Dickerson in New York, it resulted in her removal as Under Curator/Co-Guardian by the Court of exclusive jurisdiction in the state of Louisiana by judge E. Adrian Adams of the 24th District Court.

In Judge Adams' 18-page decision to remove Geneva Dickerson's appointment, so Ordered on June 1st, 2023, he writes a scathing rebuke of her actions in filing the New York Interdiction petition.

On page 14 of Judge Adams' decision, he states:

*"On the other hand, this Court has been presented with substantive information regarding Ms. Geneva Dickerson's attempt to complicate and confuse these judicial proceedings, and in doing*

1

*so, her actions have interfered with Brandon Dickerson's best interest. In reaching its decision to remove Geneva Dickerson as undercurtratix, this Court reasons that Geneva Dickerson's actions in filing a separate, identical court proceeding in the state of New York has substantially interfered with the care of Brandon Dickerson and doing so was not in his best interest. First, this Court will note that Geneva Dickerson was aware of this Court's jurisdiction with respect to this proceeding, when the subsequent New York State petition was filed".*

Moreover, I submit that both Mr. Mazloumi and Judge Siegal knew or should have known, because of their knowledge of these facts, that the New York petition was effectively void from its inception by virtue of the doctrine of res judicata, collateral estoppel and the complete absence of all jurisdiction. They also were fully aware of my motion to dismiss that petition which is still pending before judge Siegal since March 14th 2023, with no explanation for the delay. It is believed that the inevitable dismissal of Geneva's petition will eventually terminate Mr. Mazloumi's appointment of temporary guardian, which would resolve this matter in its entirety.

As the Court can see, removal of a Curator/Guardian requires due process of law which defendant's have deprived me of, in violation of USC 42 sec. 1983 under the 14th Amendment, and defendant's actions are incomplete absence of all jurisdiction which is why their request to seek dismissal must be denied.

I respectfully submit to Your Honor that the Interdiction Proceeding for my son, Brandon R. Dickerson, with the appointment of me as Curator/Guardian has in fact concluded with a final judgment on the merits in the state of Louisiana on October 25th, 2022.

The proceeding was commenced consistent with Article 83 - (83.01 - 83.45) of the Uniform Guardianship and Protective Proceedings Jurisdiction Act; (March 12, 2013) (UGPPJA)

The UGPPJA bill is an act to amend the mental hygiene law and the surrogate's court procedure act, in relation to establishing the uniform guardianship and protective proceedings jurisdiction act.

Purpose of the bill.

The bill addresses the issue of jurisdiction over adult guardianships & other protective proceedings, providing a mechanism for resolving multi-state jurisdictional disputes. This bill was adapted by the majority of the 50 states, including Louisiana and New York. **\*(Curator has the same function as Guardian)**

The Curator/Guardianship appointment gives me the authority to act on my son's behalf in any jurisdiction under the UGPPJA Act. Including New York State.

The MHL article 81 proceeding Mr. Mazloumi refers to as "on going" is the subject matter of my motion to dismiss pursuant to the doctrines of res judicata, collateral estoppel and MHL 83.21and Lack of Jurisdiction.
Mr. Mazloumi was well aware of these facts and accepted the temporary guardian position in bad faith which is why his proposed motion to dismiss must be denied.

Judge Siegal and Mr. Mazloumi refuse to adjudicate the motion to dismiss because they know dismissal on the merits in my favor is a foregone conclusion. Dismissal of the Article 81 petition would result in the dismissal Mr. Mazloumi's appointment as temporary guardian, which would completely resolve this Matter.

Notwithstanding, my request to this court is not to intervene in that proceeding. That should be reserved judge Siegal.

My request for intervention is for the immediate injunctive relief to stop the blatant and unlawful interference of Mr. Mazloumi with interfering in my son's healthcare affairs and usurping my court appointed authority as my son's guardian.

Mr. Mazloumi continues to act in the "*complete absence of all jurisdiction*" as a temporary guardian outside of the jurisdiction of the Louisiana state Court of appointment which has Exclusive Jurisdiction over these proceedings pursuant to MHL 83.21. His actions are confusing my son's healthcare providers as to who posses the authority to make critical medical decisions.

Mr. Mazloumi and Judge Siegal cannot benefit from the doctrine of Absolute Immunity because judge Siegal's actions in appointing Mr. Mazloumi as temporary guardian was taken in complete absence of all jurisdiction.

In Mireles, 502 U.S. at 11-12, the United States Supreme Court stated that absolute judicial immunity for judges is "overcome" in two circumstances.

Specifically, the doctrine is inapplicable when a judge is sued for nonjudicial actions or if contested judicial actions were "taken in the *complete absence of all jurisdiction.*".

The contested judicial action was the appointment of Mazloumi as temporary guardian. Evidence that Mazloumi is acting in complete absence of all jurisdiction is demonstrably exhibited in Judge E. Adrian Adams June 1st decision regarding transfer of jurisdiction.

Only a lawfully court appointed guardian has the ability and authority to affect a jurisdictional transfer of the incapacitated person to another state pursuant to the UGPPJA. Defendant(s) sought such a transfer through petitioner, Geneva Dickerson but failed. The question should be asked of Mr. Mazloumi, is if he in fact has the authority as temporary guardian to affect the transfer of my son Brandon from Louisiana to New York. And if he does not, why? And what was the necessity in enlisting the petitioner to request the transfer if Mazloumi is court appointed for that very function? It is because Mr. Mazloumi lacks jurisdictional authority to do so which is why I urgently request injunctive relief in this matter.

Mr. Mazloumi cites the Younger Abstention Doctrine as a reason for this court not to intervene in this Matter. However, this U.S.C. 42 1983 proceeding serves as an exception to the Younger Doctrine.

The United States Supreme Court in **Mitchum v. Foster, 407 U.S. 225** which held:

*"Title 42 U.S.C. § 1983, which authorizes a suit in equity to redress the deprivation under color of state law "of any rights, privileges, or immunities secured by the Constitution . . . ," is **within that exception** of the federal anti-injunction statute, 28 U.S.C. § 2283, that provides that a federal court may not enjoin state court proceedings "except as expressly authorized by Act of Congress." And in this § 1983 action, though the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding (cf. Younger v. Harris, 401 U. S. 37, and companion cases) are not questioned, the District Court is held to have erred in holding that the anti-injunction statute absolutely barred its enjoining a pending state court proceeding under any circumstances whatsoever." Pp. 407 U. S. 228-243.*

*315 F. Supp. 1387, reversed and remanded.*

Finally, defendant(s) have failed to honor and respect one of the most fundamental rules of jurisprudence, which is the Full Faith and Credit Clause Article IV Section 1 of the Constitution which state that courts respect the laws and judgments of courts from other states.

They have failed to honor the judgment of Judge E, Adrian Adams of the state of Louisiana who rendered the judgment of Interdiction for my son and appointed me as curator/guardian. Defendant(s) have totally disregarded the rule of law depriving my due process civil rights, blatantly overruling Judge Adam's decision by taking over my authority as guardian without due process of law.

I am only a retired police officer. As a police officer, I was sorn to honor, respect and obey the rule of law while enforcing the law. Mr. Mazloumi is an officer of the court. He also was sworn to respect, honor and obey the rule of law while he practices law. And as an officer of the Court, Mr. Mazloumi should be well versed with the doctrines of res judicata and collateral estoppel.

Mr. Mazloumi was well informed that this case was in fact, adjudicated with a final judgment on the merits in the state of Louisiana on October 25th, 2022. His appearance in this matter with the factual knowledge that would expeditiously dispose of this frivolous litigation of the New York MHL article 81 petition which has absolutely no expectation of success is disingenuous to say the least.

Your honor, time is of the essence. My son is rapidly approaching his discharge from North Shore University Hospital and Mr. Mazloumi is blocking my authority to choose where my son will go upon his discharge. He has stated he will return my son back to the very facility where he contracted the infection that infected his brain against my wishes.

I live 55 miles away from that facility and my wife and I have located a facility less than 3 miles away from my home with far more rehabilitative services.

4

However, Mr. Mazloumi is using his illegitimate authority to block my ability to make plans for my son upon leaving the hospital, violating my due process civil rights of my guardianship appointment given to me by a court of law.

For the above-mentioned reasons, I respectfully ask that Your Honor grant my request for a conference to discuss settlement in this Matter.

Thank You.

Respectfully submitted.

*[signature]*

Mr. Robert L. Dickerson


Cc:  Hon. Bernice D. Siegal   (via regular mail)
     Mr. Abraham Mazloumi   (via regular mail)