

June 27, 2023

**Abraham S. Mazloumi, Esq.***
Tel 516.466.PLAN (7526)
Abraham@Mazloumi.com

*\*Also admitted in New Jersey*

Hon. Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Via ECF**

    Re:    *Dickerson v. Dickerson et al*
               Case No. 1:23-cv-03859

Dear Judge Komitee:

I am writing this letter in response to Robert L. Dickerson's (hereinafter "Plaintiff") Reply to Memorandum and Order Complaint Amendment dated June 15, 2023 (hereinafter "Amended Complaint"). It is my intention to file a motion to dismiss the Amended Complaint against me under Fed. R. Civ. P. 12(b)(1) & 12(b)(6) pursuant to Rule III. B. of Your Honor's Individual Rules and Practices.

Plaintiff once again alleged that I violated his Civil Rights under the Due Process Clause of the Fourteenth Amendment. However, as explained in my letter dated June 12, 2023, his claim lacks merit "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292 (2d Cir. 1991).

Furthermore, as I already stated in my letter dated June 12, 2023, I have no authority vested in me by any State, nor am I representing any State. I have not acted under the color of law, as I am merely a court-appointed Successor Temporary Personal Needs and Property Management Guardian (hereinafter "Successor Temporary Guardian"). The court in *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941 (E.D.N.Y. 1999) held that "law guardians … are [not] state actors for purposes of Section 1983."

Furthermore, as Your Honor said in your decision on June 9, 2023, I as temporary guardian am "immune from suit" "[u]nder the doctrine of quasi-judicial immunity." Nevertheless, Plaintiff *again* argues in his Amended Complaint that the doctrine of absolute immunity does not apply to me, claiming that because the Queens County Supreme Court lacked jurisdiction, I therefore do not have immunity.

**MAZLOUMI LAW**
175 East Shore Road, Great Neck, NY 11023
Tel (516) 466-PLAN (7526)  Fax (516) 283-0250  www.mazloumi.com

Page 1 of 2

Plaintiff's argument is flawed, as my immunity attached by virtue of my court appointment. I acted pursuant to the state court order, relying in good-faith on the state court orders[1] in discharging my duties. Plaintiff's claim that Hon. Bernice D. Siegal had no jurisdiction does not vitiate the fact that I acted pursuant to and relied on her state court orders.

Even if the state court were found to have lacked jurisdiction, this cannot mean that I, as court-appointee, "retroactively" did not have immunity. Because if Plaintiff's logic were followed, then this would stifle court appointments or inhibit court-appointees from discharging their duties, for fear that the order appointing the court-appointee may subsequently be found to have lacked jurisdiction. A court-appointee's immunity simply does not depend on whether or not a court did or did not have jurisdiction; the immunity attaches to the court-appointee by virtue of the underlying court order, and by the court-appointee's good faith reliance on such court order.

I respectfully renew my request that Your Honor schedule a pre-motion conference for the purpose of dismissing Plaintiff's Amended Complaint against me and removing me as a defendant from this suit.

Thank you.

Respectfully submitted,


_____/s/ Abraham S. Mazloumi_____
Abraham S. Mazloumi, Esq.


cc:    Hon. Bernice D. Siegal (via Regular mail)
       Robert L. Dickerson (via Regular mail)

---

[1] Order Appointing Successor Temporary Guardian, dated February 14, 2023.
Order Confirming Temporary Guardian Powers, dated April 28, 2023.
Order Confirming Authority of Successor Temporary Guardian, dated May 26, 2023.
Order Concerning Discharge From Hospital, dated June 23, 2023.