UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

ROBERT L. DICKERSON,

      Plaintiff,      **MEMORANDUM & ORDER**
                 23-CV-3859(EK)(LB)

  -against-

BERNICE D. SIEGAL and ABRAHAM
MAZLOUMI,

      Defendants.

-----------------------------------x

ERIC KOMITEE, United States District Judge:

  On May 24, 2023, *pro se* plaintiff Robert Dickerson filed a fee-paid complaint, together with a motion for a preliminary injunction and temporary restraining order. He alleged constitutional claims arising from an ongoing New York State guardianship proceeding involving his adult son Brandon Dickerson, and requested that this Court intervene to enjoin that proceeding. By Memorandum and Order dated June 9, 2023, I dismissed without prejudice any claims asserted on behalf of Brandon Dickerson; denied Plaintiff's request for preliminary injunctive relief; and directed him to show cause why this action should not be dismissed for, among other reasons, lack of jurisdiction on abstention grounds. *See Dickerson v. Dickerson*, No. 23-CV-3859, 2023 WL 3931696 (E.D.N.Y. June 9, 2023). On June 16, 2023, Plaintiff filed a response to the Court's Order.

Pl. Response, ECF No. 13.[1] For the reasons set forth below, the action is dismissed.[2]

## I. Discussion

The Court assumes the parties' familiarity with this action's factual and procedural background and elaborates only those details necessary for this Order. In March 2022, Dickerson's son Brandon, then residing in Louisiana, suffered a brain aneurysm that resulted in a brain injury. On October 25, 2022, Plaintiff asserts, a Louisiana state court appointed Dickerson as Brandon's guardian. Brandon's sister, Geneva Dickerson, however, initiated a separate guardianship proceeding in New York state court, pursuant to Article 81 of the New York Health Law. On February 9, 2023, Justice Bernice Siegal, the judge overseeing that case, appointed Abraham Mazloumi as the temporary guardian for Brandon. Asserting constitutional due process claims, Plaintiff alleges that his Louisiana state court

---

[1] Plaintiff's initial complaint named Justice Siegal, Geneva Dickerson, Judah Schwartz, and Abraham Mazloumi as defendants. Plaintiff's response to the order to show cause is also labeled as an amended complaint and is brought against only defendants Siegal and Mazloumi. That response also explicitly notes, as "Petition Amendments," the "remov[al]" of Brandon Dickerson as a plaintiff and of Geneva Dickerson and Schwartz as defendants. *Id.* at 9. The Clerk of Court is therefore respectfully directed to terminate Geneva Dickerson and Judah Schwartz as parties to the action.

[2] On August 30 and September 3, 2023, Dickerson filed additional orders to show cause for a temporary restraining order, again requesting that the Court intervene to halt the New York state court proceedings. ECF Nos. 24, 25. Because the Court dismisses the action, these requests for injunctive relief are denied as moot.

appointment is valid and must take precedence over Mazloumi's appointment.

In his response to the order to show cause, Dickerson asserts that: (1) his request for injunctive relief is not barred by the *Younger* abstention doctrine; and (2) Defendants Siegal and Mazloumi are not immune to suit. ECF No. 13. Neither argument is correct, however, and the action is dismissed.

**A. Plaintiff's Requests for Injunctive Relief Are Barred Under the *Younger* Abstention Doctrine**

Dickerson requests, as injunctive relief, the termination of the New York-state court temporary guardianship and an order directing Justice Siegal to recognize his alleged prior appointment as guardian. While the Court is sympathetic to Dickerson's situation, it must abstain from intervening in an ongoing state court proceeding under the doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). *Younger* abstention is "mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity

for judicial review of his or her federal constitutional claims." *Id*. at 75.

As the Court previously ruled, all *Younger* requirements are met here. First, Dickerson's response and amended complaint indicate that state guardianship proceedings remain ongoing in both New York and Louisiana. ECF No. 13. at 11–44. Such proceedings, moreover, implicate important state interests — namely, in adjudicating questions of guardianship. *See Disability Rts. N.Y. v. New York*, 916 F.3d 129, 136 (2d Cir. 2019) (observing that "states have an especially strong interest" in "state court procedure in guardianship proceedings" and affirming district court's abstention under *Younger*); *Toriola v. N. Shore LIJ*, No. 9-CV-3251, 2009 WL 2338037, at *2 (E.D.N.Y. July 29, 2009) ("As plaintiff seeks to have this court intervene in a pending state court proceeding in an effort to challenge the guardianship of her mother, this court must abstain."). Finally, the state courts provide Dickerson with an adequate opportunity to raise his federal constitutional claims. Indeed, the "[Second] Circuit has often recognized the obligation and competence of state courts to decide federal constitutional questions." *Donkor v. City of New York Hum. Res. Admin. Special Servs. for Child.*, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987) (citing cases). In addition, Dickerson has not identified any barrier that "precludes [him] from raising these

4

claims in a state appellate court" at the appropriate time. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011).

Because the requested injunctive relief would require a federal court to interfere with ongoing state court guardianship proceedings, this Court must abstain from exercising jurisdiction over Plaintiff's claims.

**B.  Plaintiff's Claims Against Defendants Siegal and Mazloumi**

Dickerson's Section 1983 claims and request for monetary damages against Justice Siegal and Mazloumi likewise fail, as discussed in this Court's prior Order. *See Dickerson*, 2023 WL 3931696, at *3-5.

1.  <u>Claims Against Justice Siegal</u>

Judges are absolutely immune from suit for damages for any actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Here, the claims against Justice Siegal arise from decisions made during the New York guardianship proceeding,

5

including her appointment of a temporary guardian.  These actions plainly fall within the scope of her judicial capacity.

Dickerson now seeks to invoke an exception to judicial immunity, arguing that Justice Siegal's actions were taken "in the complete absence of all jurisdiction."  *See Mireles*, 502 U.S. at 12.  Specifically, he asserts that the Louisiana state court maintains "exclusive and continuing jurisdiction" over all matters regarding Dickerson's guardianship.  Pl. Response 3.  "[T]he scope of the judge's jurisdiction must be construed broadly," *Stump*, 435 U.S. at 356, such that a court acts "in the absence of all jurisdiction" only "when it does not have any "statutory or constitutional power to adjudicate the case." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009).  "[A] judge will be denied immunity only where it appears, first, that the judge acted in the clear absence of jurisdiction, and second, that the judge must have known that he or she was acting in the clear absence of jurisdiction." *Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988).

The Supreme Court has distinguished between actions taken "in excess of authority," to which judicial immunity applies, and those taken "in clear absence of all jurisdiction," to which it does not.

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of

> jurisdiction is known to the judge, no excuse is
> permissible.  But where jurisdiction over the subject-
> matter is invested by law in the judge, or in the court
> which he holds, the manner and extent in which the
> jurisdiction shall be exercised are generally as much
> questions for his determination as any other questions
> involved in the case, although upon the correctness of his
> determination in these particulars the validity of his
> judgments may depend.

*Stump*, 435 U.S. at 356 n.6 (quoting *Bradley v. Fisher*, 13 Wall. 335, 351-52 (1872)).  The *Bradley* Court further illustrated this distinction with the following example:

> If a probate court, the jurisdiction of which is limited to
> wills and estate settlement, should conduct a criminal
> trial, jurisdiction over the subject matter would be
> entirely wanting, and, as this lack would necessarily be
> known to the court, the judge would not be entitled to
> judicial immunity.  If, on the other hand, a judge of a
> criminal court were to try a party for a nonexistent
> offense or sentence a convict to a term longer than that
> permitted by law, that judge would be entitled to the
> protection of the judicial immunity doctrine.

*Maestri*, 860 F.2d at 53 (citing *Bradley*, 13 Wall. at 351).

Dickerson has not alleged sufficient facts suggesting that Justice Siegal has acted in the clear absence of all jurisdiction.  He does not dispute that Justice Siegal, as a New York State Supreme Court justice, has subject matter jurisdiction to adjudicate an Article 81 proceeding.  *See* N.Y. Const. art. VI, § 7(a) ("The supreme court shall have general original jurisdiction in law and equity.").  "[A] judge who possesses subject matter jurisdiction is not within the 'clear absence of all jurisdiction' posture which would deprive [the

judge] of the use of the defense of judicial immunity." *Green v. Maraio*, 722 F.2d 1013, 1017 (2d Cir. 1983); *cf. Maestri*, 860 F.2d at 53 (judicial immunity did not apply to town justice who issued arrest warrants in neighboring towns over which he knew he lacked jurisdiction). As a result, whether and to what extent the Louisiana state court proceedings might bear on the New York state proceedings does not suggest that Justice Siegal clearly has no jurisdiction to adjudicate the latter. Instead, she is entitled to immunity because she "clearly ha[s] jurisdiction over cases *like*" Brandon's, even if she ultimately does "not have jurisdiction over [Brandon's] case itself." *See Gross*, 585 F.3d at 85 (granting judicial immunity to judge who improperly ordered involuntary conservatorship).

Justice Siegal is therefore entitled to absolute immunity from this suit.

2. <u>Claims Against Mazloumi</u>

Defendant Mazloumi, who was appointed as Brandon Dickerson's temporary guardian, is likewise absolutely immune from suit, under the doctrine of "quasi-judicial immunity." *Dickerson*, 2023 WL 3931696, at *4; *see Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (affording immunity to private actors whose acts "are integrally related to an ongoing judicial proceeding."). Dickerson brings claims against Mazloumi for acting as Brandon's court-appointed guardian — in other words,
8

for acting "as an adjunct of the New York state judicial system." *See Galanova v. Portnoy*, 432 F. Supp. 3d 433, 446 n.12 (S.D.N.Y. 2020); *see, e.g.*, *Wilson v. Wilson-Polson*, No. 9-CV-9810, 2010 WL 3733935, at *7 (S.D.N.Y. Sept. 23, 2010) (guardians *ad litem* and "law guardians" protected by quasi-judicial immunity); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *5 (E.D.N.Y. Jan. 23, 2008) (court evaluator appointed pursuant to Article 81 enjoyed judicial immunity).

Moreover, even if Mazloumi were not entitled to quasi-judicial immunity, he is a private party — not a state actor — beyond the scope of Section 1983. *Cf. Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (holding that court-appointed law guardians are not state actors); *Shabtai v. Shabtai*, No. 20-CV-10868, 2021 WL 1518382, at *2 (S.D.N.Y. Apr. 16, 2021) (defendant's appointment by the state court judge "to act as the temporary guardian. . . is insufficient to show that [he] acted under color of state law").[3]

---

[3] Dickerson's August 30, 2023 order to show cause seeks to add, as a defendant, counsel for Brandon appointed by Justice Siegal. ECF No. 24 at 4-5. "[I]t is well-established," however, "that court-appointed attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997); *see, e.g.*, *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (attorney from state-funded Mental Hygiene Legal Services, appointed by the court to represent the plaintiff in an involuntary commitment proceeding, not acting under color of state law). That request is therefore denied.

## II. Conclusion

For the reasons stated above, Plaintiff's claims are barred by the *Younger* abstention doctrine and the doctrines of judicial and quasi-judicial immunity. The Clerk of Court is respectfully directed to enter judgment dismissing this action. All pending motions are disposed of via this Order.

Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                              /s/ Eric Komitee
                                              ERIC KOMITEE
                                              United States District Judge

Dated:    September 21, 2023
             Brooklyn, New York